UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY ANTHONY WALLER,

    Petitioner,

v.                                  CASE NO. 12-14872
                                      HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

    Respondent.

_____/

## ORDER HOLDING THE HABEAS PETITION IN ABEYANCE
## AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

Petitioner Jay Anthony Waller recently filed a *pro se* habeas corpus petition challenging his Ingham County convictions for second-degree murder and two firearm offenses. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, and on December 28, 2011, the Michigan Supreme Court denied leave to appeal.

On November 1, 2012, Petitioner filed his habeas corpus petition in this Court. He alleges that: (1) the trial court erred by denying his motion for a directed verdict of acquittal on the charge of first-degree murder; (2) there was insufficient evidence on the element of intent to commit second-degree murder; (3) the trial court erred in assessing ten points for offense variable 19 of the Michigan sentencing guidelines; (4) evidence of other "bad acts" deprived him of due process and a fair trial; (5) the trial court erred by limiting the testimony that could be re-read to the jury; (6) the prosecutor engaged in misconduct by presenting

false and misleading testimony and vouching for a witness; (7) trial counsel was ineffective; and (8) appellate counsel was ineffective.[1]

Petitioner alleges that he exhausted state remedies for his first six claims and that he is in the process of exhausting state remedies for his seventh and eighth claims. He has asked the Court to hold his habeas petition in abeyance while he pursues additional state remedies.

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845, 119 S. Ct. 1728, 1731-32, 144 L. Ed.2d 1 (1999). State prisoners must present their claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner concedes that his habeas petition is a "mixed" petition of exhausted and unexhausted issues. Federal courts ordinarily must dismiss a petition containing both exhausted and unexhausted issues, *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205, 71 L. Ed. 2d 379 (1982), but a dismissal of this case could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have

---

[1] Petitioner claims that his trial attorney failed to: conduct a thorough investigation; object to his shackles and to prosecutorial misconduct; prepare for trial and submit motions; and subject the prosecution's case to adversarial testing. Petitioner asserts that the cumulative effect of these errors deprived him of due process and that appellate counsel was ineffective for failing to raise a claim about trial counsel.

2

adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275, 125 S. Ct. 1528, 1533-34, 161 L. Ed. 2d 440 (2005). Under this approach, courts stay the federal proceedings and hold the habeas petition in abeyance while the inmate returns to state court to pursue remedies for the unexhausted claims. *Id.*, 544 U.S. at 275; 125 S. Ct. at 1534. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id.*, 544 U.S. at 275-76, 125 S. Ct. at 1534. Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.*, 544 U.S. at 277-78, 125 S. Ct. at 1535.

Petitioner wants to pursue state remedies for his ineffective-assistance-of-counsel claims. These claims are not plainly meritless, and Petitioner is not engaged in abusive litigation tactics. The Court therefore concludes that it is not an abuse of discretion to hold the habeas petition in abeyance pending exhaustion of additional state remedies. Accordingly, Petitioner's request for a stay and to hold the habeas petition in abeyance is granted. If Petitioner is unsuccessful in state court and then wants to return to federal court, he shall file an amended habeas corpus petition and a motion to re-open this case, using the same caption and case number that appear on this order. The motion to re-open the case must be filed within **ninety (90) days** of exhausting state remedies.

The Clerk of the Court is ordered to close this case for administrative purposes.

This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

Dated: February 7, 2013            S/Denise Page Hood
                                   Denise Page Hood
                                   United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2013, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager